B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT **SOUTHERN DISTRICT OF NEW YORK** | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): **SELECT COMMERCE, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **45-4397270** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): **35 Great Jones Street** **New York, New York**                         ZIP CODE **10012** | Street Address of Joint Debtor (No. and Street, City, and State):                      ZIP CODE |
| County of Residence or of the Principal Place of Business: **NEW YORK** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                            ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                        ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                       ZIP CODE | |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☒ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☒ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for ☐ Chapter 9      Recognition of a Foreign ☒ Chapter 11    Main Proceeding ☐ Chapter 12  ☐ Chapter 15 Petition for ☐ Chapter 13    Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors Country of debtor's center of main interests:  Each country in which a foreign proceeding by, regarding, or against debtor is pending: | Tax-Exempt Entity (Check box, if applicable.)  ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts (Check one box.)  ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☒ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.  ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.  ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:** ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).  **Check if:** ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).* --------------------- **Check all applicable boxes:** ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s): SELLECT COMMERCE, LLC** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>  Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                              Page 3

| Voluntary Petition | Name of Debtor(s): **SELECT COMMERCE, LLC** |
|---|---|
| *(This page must be completed and filed in every case.)* | |

<table>
<tr><td colspan="2" align="center"><b>Signatures</b></td></tr>
</table>

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

_____
   Telephone Number (if not represented by attorney)

_____
   Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

_____
   (Printed Name of Foreign Representative)

_____
   Date

---

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

X _____
   Signature of Attorney for Debtor(s)
   **FRED RINGEL**
   Printed Name of Attorney for Debtor(s)
   **See Attachment 1**
   Firm Name

   **875 THIRD AVENUE, 9TH FLOOR
   NEW YORK, New York 10022**
   Address
   **(212) 603-6300**
   Telephone Number
   5/16/64
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
   Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
   Address

X _____
   Signature

_____
   Date

---

| Signature of Debtor (Corporation/Partnership) |
|---|

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual
   **JAN COHEN**
   Printed Name of Authorized Individual
   **COO**
   Title of Authorized Individual
   5/16/14
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# Attachment

**Attachment 1**

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

**SELLECT COMMERCE, LLC**
                                                                Case No.:

                              Debtor.
-----------------------------------------------------------x

## CERTIFICATION OF RESOLUTION

I, the undersigned, Chief Operating Officer of Select Commerce, LLC, do hereby certify

that at a meeting of the Corporation duly called and held on May 9, 2014, the following

resolutions were adopted and recorded in the Minute Book of the Corporation, and they have not

been modified or rescinded, and are still in full force and effect:

> **"RESOLVED,** that in the judgment of the Corporation it is desirable and in the best interest of the Corporation, its creditors, partners and other interested parties, that a petition be filed by the Corporation for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and it is further

> **"RESOLVED,** that the form of petition under Chapter 11 presented to this meeting is approved and adopted in all respects, and that Jan Cohen, Chief Operating Officer of the Corporation, is authorized to execute and verify a petition substantially in such form and to cause the same to be filed with the United States Bankruptcy Court for the Southern District of New York at such time as he shall determine; and it is further

"**RESOLVED,** that Jan Cohen, Chief Operating Officer of the Corporation, is authorized to execute and file all petitions, reorganization schedules, lists and other papers and to take any and all other actions which he may deem necessary or proper in connection with such Chapter 11 case, and, in that connection, that the firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C. be retained and employed as legal counsel for the Corporation under a general retainer, in addition to such special counsel as may hereafter become necessary or proper with a view to the successful conclusion of such Chapter 11 case."

**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of the Corporation this

9th day of May, 2014.

**JAN COHEN, Chief Operating Officer and
Authorized Signatory**

ROBINSON BROG LEINWAND GREENE
  GENOVESE & GLUCK P.C.                    .
875 Third Avenue, 9th Floor
New York, New York 10022
Telephone No.: 212-603-6300
Fred B. Ringel
Lori Schwartz
Counsel to the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

Sellect Commerce LLC.

                              Debtor.
-------------------------------------------------------X

Chapter 11

Case No.:

## AFFIDAVIT PURSUANT
## TO LOCAL RULE 1007-2

STATE OF NEW YORK   )
                                  ) ss:
COUNTY OF NEW YORK      )

     **Jan Cohen**, being duly sworn, deposes and says:

     1.    I am the Chief Operating Officer of **Sellect Commerce LLC** (the "Debtor"), and am fully familiar with the facts set forth herein.

     2.    The Debtor operates an ecommerce platform and content management site designed specifically for the fashion industry. The ecommerce site's presence is located at www.sellect.com.  The site also offers integration with well known social media platforms to provide exposure of the brands of its clientele.

3.    Sellect's customers include many well known fashion industry designers and manufacturers such as *Thakoon, Phillip Lim, Byronesque, Mary Katrantzou, Robert Rodriquez, Monique L'Huillier* and *Botkier.*

4.    No pre-petition committee was organized prior to the Order for relief.

5.    A summary of the Debtor's assets and liabilities is set forth on the summary of schedules is annexed to the petition.

6.    The names and addresses of the twenty largest unsecured creditors, excluding insiders, are annexed to the petition.

7.    All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs.

8.    No property of the Debtor is in the possession and control of a receiver for the benefit of mortgagees and creditors.

## Background

9.    Sellect was founded by individuals with over thirty (30) years of combined experience in the fashion ecommerce space. The founders' prior experience included developing in-house solutions for fashion firms such as Gucci Group and LVMH, as well as Prada, Burberry Calvin Klein, David Yurman, Dunhill, Frette, Oscar De La Renta, St John, Tory Burch and Yves Saint Laurent. After founding several successful startups and leading ecommerce initiatives for global fashion brands, they found that more and more colleagues expressed the need for an ecommerce platform aimed squarely at their needs.

{00670410.DOC;1 }

10.    Instead of searching for an acquisition to fulfill this perceived need, they believed that with their industry experience, it was best to direct their efforts to develop their own platform from the ground. The result was Sellect, founded in June 2009, to develop a system built to meet the exacting standards of cutting-edge technology and the luxury experience demanded by the Debtor's anticipated client base.

11.    The initial participants in this venture were Anthony King and Jan Cohen and Phillip Vasilevski. Phillip Vasilevski was the Chief Technology Officer charged with developing an ecommerce platform. The three parties entered into a term sheet for the development of the platform, each sharing equally in the equity of Sellect.

12.    Sellect started developing its software and signed Phillip Lim and Thakoon as early clients. These fashion designers were clients of King & Partners, a separate digital creative agency operated by Anthony King.

13.    In order to accelerate the development of the platform, Sellect raised $500,000 in additional capital from two investors, L.R. Paris and The Schottenfeld Group, who became the owners of thirty (30%) percent of the Class B equity in Sellect. The original three investor's interests were Class A interests, which were diluted by virtue of the additional $500,000 capital investment of the Class B equity.

14.    Shortly after the Class B equity investment was made, development of the platform accelerated and additional clients Byronesque and Victoria Beckham

were signed by Sellect. The company also hired two additional employees to work on code development under the direction of the CTO, Phillip Vasileveski.

15.    In early 2013, Anthony King and Jan Cohen raised concerns about the pace of development and the direction taken by Vasileveski. King and Cohen expressed concern that Vasilevski was not properly training the team of developers hired to assist him, that he was concentrating on only one client to the exclusion of the others and, most importantly, that the coding of the ecommerce platform was not being developed in a sustainable and scalable manner as originally planned.

16.    In May 2013, a new technology director was hired at King & Partners who made changes that impacted Sellect's server environment. These changes resulted in discord between Vasilevski and his colleagues. At that time, Victoria Beckham's website was taken offline (with client permission) in order to make a server change. That change resulted in a disruption in other parts of Sellect's code, causing it to "break." Vasilevski, who has been in charge of the coding up until that time, was asked to assist in repairing the issues with the code he had programmed. None of the other coders at Sellect had the deep knowledge of the code needed to make the repairs. Vasilevski refused to assist with the repairs to the code. At that time, there was no documentation for what Vasilevski had coded. As a result of these issues Vasilevski resigned as Chief Technology Officer of Sellect and as a director of the company.

17.    As a result of these circumstances, Sellect was constrained to undertake a complete review of the code base. Sellect's developers informed

management that much of the code was "spaghetti" code which was patched

together from bits and pieces of open source software (as opposed to the custom

coding the Debtor was told was being put in place) and that different client's

platforms were running on different versions of the code. Because the code was

cobbled together, different parts of the site began breaking and had to be patched on

an emergency basis. None of Sellect's clientele were happy with this state of affairs

and two in particular, Phillip Lim and Victoria Beckham became particularly

disgruntled.

18.    Sellect attempted to hire additional coders to repair the site and

salvage its existing client relationships. However, at the time these events took

place in early 2013, the market for "ruby on rails" coders (the type utilized by

Sellect's platform) was extremely limited and Sellect was unable to hire the

additional talent it needed to accelerate the repair of the code. All of Sellect's

resources were devoted to repairing the Phillip Lim and Victoria Beckham sites

rather than launching new sites for new and existing clients or developing

additional code and platform functionality.

19.    Unable to hire the coders it needed, Sellect hired Cyrus Innovations, a

development company, to assist with fixing the code. By being forced to hire a

development company, Sellect's expenses for code development increased at an

unexpected and alarming rate. Although the costs of employing Cyrus were

substantially in excess of the costs of hiring "in-house" development, Cyrus had a

capable team of developers ready to engage on the project and Sellect was optimistic that the development pace of the platform would be accelerated.

20.    After an initial assessment of the code base, Cyrus recommended that much of the code base needed to be rebuilt if Sellect was to wind up with a sustainable and scalable platform. Cyrus also recommended that Sellect make substantial changes to the front end of the software, to the user interface and to the functionality needed to create a new version of the platform and fulfill client needs as well as the demands of future clients.

21.    As a result of these unexpected demands on Sellect's resources, its finances were strained. Sellect has been unable to focus its resources on seeking out new clients. Instead, nearly all of its resources were being used to placate its existing clients and not for the growth it had originally anticipated. In fact, Sellect relied heavily on King & Partners to supply the resources it did not have at this time. King & Partners supplied numerous resources including creatives, coders and other technology people, developers and account management teams. Sellect did not have the resources to pay for what it consumed, leading for a debt owed to King & Partners which presently exceeds $800,000.

22.    Due to the foregoing, Sellect has a need to deleverage its balance sheet through reorganization and to raise additional capital to continue to develop the platform and seek and obtain additional client as well as servicing the clients it has at the present time.

The Decision to Commence this Case

23.    The purpose of filing this petition is to preserve the assets of the Debtor and restructure the Debtor's obligations pursuant to the bankruptcy code for the benefit of its creditors and to preserve the priorities of creditors. The Debtor believes that by restructuring its balance sheet and deleveraging its business, it will be better positioned in a very competitive market to further develop the *Sellect* platform and increase its business.

24.    Towards that end, the Debtor has arranged for DIP financing from the Schottenfeld Group and L.R. Paris in an amount of $170,000. This loan will provide the Debtor with the funds needed to continue to accelerate the development of its platform and pay for the administrative expenses of the chapter 11 case. In addition, the DIP financing will provide Sellect with a cushion of operating capital during the chapter 11 case to allow it to focus on expanding its business and defer raising capital until after it completes its restructuring. While the Debtor expects it will raise additional funds after emerging from chapter 11, the deleveraging of its balance sheet from a successful chapter 11 case will position it for its next growth phase after emergence from this proceeding. Under the proposed DIP Financing Term sheet, it is contemplated that approximately 70% of the DIP loan will be converted into equity in the reorganized debtor to facilitate a prompt reorganization and emergence of the Debtor from this chapter 11 case.

25.    The estimated amount of Payroll due the Debtor's employees, exclusive of officers, for a period of thirty days following the filing of the petition is $19,988.

26.    No salaries currently being paid by the Debtor to its officers.

27.    The estimated operating income and expenses of the Debtor for the next **thirty days** is as follows:

### INCOME

| Income: | |
| --- | --- |
| Revenue Share: | $10,500 |
| Integration Fees | $20,000 |
| Total Estimated Income: | $30,500 |

### EXPENSES

| | |
| --- | --- |
| Rent & Electric | $2,458 |
| Travel | $167 |
| Taxes and Software Licenses | $750 |
| Internal Labor and COS | $20.138 |
| | |
| Total Estimated Expenses: | $23,513 |
| NET INCOME: | $6,987 |

28.    The Debtor believe that a prompt restructuring through chapter 11 is the best and most practical solution for it to continue in business and not lose the investment made in its platform and brand name to date. The Debtor also believes that a successful reorganization is the best hope its employees have for continued employment. Accordingly, the Debtor has commenced its chapter 11 case in order to

{00670410.DOC;1 }

-8-

preserve its assets and generate a return for creditors as a going concern.

_____

Jan Cohen, Chief Operating Officer

Sworn to before me this
9th day of May, 2014

_____

Notary Public

ROBERT M. SASLOFF
Notary Public, State of New York
No. 02SA4966401
Qualified in Kings County
Commission Expires 5-7-20___

B 4 (Official Form 4) (12/07)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re   SELLECT COMMERCE, LLC, _____     Case No. _____
_____
Debtor

Chapter _____ 11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address, including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| King & Partners LLC 35 GREAT JONES STREET, 6TH FLOOR NEW YORK, New York 10012 | | | | $881,684.00 |
| Cyrus Innovation LLC 200 VARICK STREET NEW YORK, New York 10014 | | | | $135,220.00 |
| SUHKCHANDER KHANNA 160-12 43 AVENUE FLUSHING, New York 11358 | | wages, salaries, and commissions | | $11,666.66 |
| KELLEY, DRYE & WARREN LLP 101 PARK AVENUE NEW YORK, NEW YORK 10178 | | | | $3,379.00 |
| FLATIRON SCHOOL 11 BROADWAY, #260 NEW YORK, NEW YORK 10004 | | | | $1,000.00 |

B 4 (Official Form 4) (12/07)

Date: _____

_____
Debtor

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, JAN COHEN,  of SELLECT COMMERCE, LLC named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Creditors Holding 20 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Date:    5/16/14                              _____
                                             JAN COHEN,

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re                                                                Case No. _____

**SELLECT COMMERCE, LLC**_____ ,

_Debtor_                                                        Chapter **11**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | | $        0.00 | | |
| B - Personal Property | | | $   39,075.00 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | $   30,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | | | $   11,666.66 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | $ 1,021,283.00 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | $ |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | $ |
| TOTAL | | 0 | $   39,075.00 | $ 1,062,949.66 | |

B6A (Official Form 6A) (12/07)

In re **SELLECT COMMERCE, LLC,** _____     Case No. _____
                                    **Debtor**                                    **(If known)**

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **SELLECT COMMERCE, LLC,** _____    Case No. _____
                                      Debtor                                                   (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | CITIBANK CHECKING ACCOUNT ACCT NO. 009994738984 | | $8,575.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re  **SELLECT COMMERCE, LLC,** _____        Case No. _____
                                    Debtor                                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | BYRONESQUE | | $19,500.00 |
| | | PHILIP LIM RETAIL | | $2,500.00 |
| | | THAKOON | | $4,500.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | PROPRIETARY SOFTWARE | | Unknown |
| **Notes:** VALUE IS SUBJECT TO APPRAISAL | | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

B 6B  (Official Form 6B) (12/2007)

In re  SELLECT COMMERCE, LLC,                                    Case No. _____

                    **Debtor**                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| | | | | |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies.. | | COMPUTERS, OFFICE FURNITURE | | $4,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

2 continuation sheets attached        Total ▶                    $39,075.00
(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re **SELLECT COMMERCE, LLC** _____ ,    Case No. _____
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　**(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>LR PARIS NEW YORK LLC<br>1410 BROADWAY, 34TH FLOOR<br>NEW YORK, NY 10018 | | | | | | | $15,000.00 | $0.00 |
| | | | VALUE $　　$0.00 | | | | | |
| ACCOUNT NO.<br>SCHOTTENFELD GROUP LLC<br>800 THIRD AVENUE. 310<br>NEW YORK, NY 10022 | | | | | | | $15,000.00 | $0.00 |
| | | | VALUE $　　$0.00 | | | | | |
| ACCOUNT NO. | | | | | | | $0.00 | |
| | | | VALUE $　　$0.00 | | | | | |

__0__ continuation sheets
attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| $ | 30,000.00 | $ | 0.00 |
|---|---|---|---|
| $ | 30,000.00 | $ | 0.00 |

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13)

In re    __SELLECT COMMERCE, LLC_____,    Case No._____
                              Debtor                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☒ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____2____ continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re **SELLECT COMMERCE, LLC**_____,    Case No._____
                          Debtor                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| **INTERNAL REVENUE SERVICE P.O. BOX 7346 PHILADELPHIA, PA 19114** | | | | X | X | X | **$0.00** | **$0.00** | **$0.00** |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| **NEW YORK STATE DEPARTMENT OF FINANC BANKRUPTCY/SPECIAL PROCEDURES SECT, P.O. BOX 5300 ALBANY, NY 12205-0300** | | | | X | X | X | **$0.00** | **$0.00** | **$0.00** |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |
| Account No. | | | | | | | | | |
| **NYC DEPARTMENT OF FINANCE ATTN: LEGAL AFFAIRS - DEVORA COHN, 345 ADAMS STREET, 3RD FL BROOKLYN, NY 11201** | | | | X | X | X | **$0.00** | **$0.00** | **$0.00** |
| Notes: FOR NOTICE PURPOSES ONLY | | | | | | | | | |

Sheet no. **1** of **2** continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals▶ (Totals of this page)     $     **0.00**     $     **0.00**     **$0.00**

Total▶ $
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)

Totals▶ $     $
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/13) – Cont.

In re **SELLECT COMMERCE, LLC**                    ,           Case No. _____
                    **Debtor**                                                      **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Wages, salaries, and commissions** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | | | |
| **SUHKCHANDER KHANNA 160-12 43 AVENUE FLUSHING, NY 11358** | | | | | | | $11,666.66 | $11,666.66 | $0.00 |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotals▶ (Totals of this page) | $ **11,666.66** | $ **11,666.66** | **$0.00** |
| Total▶ (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $ **11,666.66** | | |
| Totals▶ (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $ **11,666.66** | $ **0.00** |

B 6F (Official Form 6F) (12/07)

In re **SELLECT COMMERCE, LLC**_____,   Case No. _____
                    **Debtor**                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** **BECKHAM VENTURE LIMITED 33 RANSOMES DOCK 3537 PARKGATE ROAD LONDON, SW11 4NP UNITED KINGDOM** | | | | X | X | X | **Unknown** |
| **ACCOUNT NO.** **Cyrus Innovation LLC 200 VARICK STREET NEW YORK, NY 10014** | | | | | | | **$135,220.00** |
| **ACCOUNT NO.** **FLATIRON SCHOOL 11 BROADWAY, #260 NEW YORK, NY 10004** | | | | | | | **$1,000.00** |
| **ACCOUNT NO.** **KELLEY, DRYE & WARREN LLP 101 PARK AVENUE NEW YORK, NY 10178** | | | | | | | **$3,379.00** |

Subtotal▶   $    **139,599.00**

___**1**___ continuation sheets attached

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **SELLECT COMMERCE, LLC**_____,          Case No. _____
                    **Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** **King & Partners LLC** **35 GREAT JONES STREET, 6TH FLOOR** **NEW YORK, NY 10012** | | | | | | | **$881,684.00** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Sheet no. __**1**__ of __**1**__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

| | |
|---|---|
| Subtotal▶ | $ **881,684.00** |
| Total▶ (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ **1,021,283.00** |

B 6G (Official Form 6G) (12/07)

In re **SELLECT COMMERCE, LLC,**                    Case No. _____
                          **Debtor**                                              **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 3.1 PHILIP LIM RETAIL, LLC<br>304 HUDSON STREET, 8th FLOOR<br>NEW YORK, NY 10013 | |
| BRYONESQUE<br>177 LUDLOW STREET, #5C<br>NEW YORK, NY 10002 | |
| Botkier, Inc.<br>525 BROADWAY<br>NEW YORK, NY 10012 | |
| Mary Katranzou<br>STUDIO 190a NEW NORTH ROAD<br>UNIT 6B<br>CANONBURY BUSINESS CENTRE<br>LONDON,    N1 7BJ | |
| THAKOON<br>270 LAFAYETTE STREET<br>SUITE 1010<br>NEW YORK, NY 10012 | |
| Monique L'huillier<br>1201 S. GRANT AVENUE<br>3rd Floor<br>LOS ANGELES, CA 90015 | |

B 6H (Official Form 6H) (12/07)

In re **SELLECT COMMERCE, LLC,** _____    Case No. _____
Debtor                                                        (if known)

## SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **SELLECT COMMERCE, LLC** _____ ,    Case No. _____
                    Debtor                                                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                                            Debtor

Date _____        Signature: _____
                                                                                    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------
**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                _____
Printed or Typed Name and Title, if any,              Social Security No.
of Bankruptcy Petition Preparer                          *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____                    _____
  Signature of Bankruptcy Petition Preparer                      Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------------
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ **JAN COHEN** _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ **SELLECT COMMERCE, LLC** ____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**14**__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date ____**5/16/14**_____        Signature: ___*S. P. Coh*_____

                                                                  **JAN COHEN**
                                                                  [Print or type name of individual signing on behalf of debtor]
                                                                  **COO**

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re: SELLECT COMMERCE, LLC       Case No _____
_____
Debtor                                     (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

Debtor:

| | |
|---|---|
| Current Year (2014): $48,450.00 | BUSINESS OPERATIONS |
| Previous Year 1 (2013): $136,000.00 | BUSINESS OPERATIONS |
| Previous Year 2 (2012): $62,965.00 | BUSINESS OPERATIONS |

Joint Debtor:
N/A

**2. Income other than from employment or operation of business**

None
☒

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of

☒   goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☒   b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

Debtor:

None
☒   c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☒   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: ROBINSON BROG 875 THIRD AVENUE NEW YORK, NEW YORK 10022 | DECEMBER 2013 MAY 2014 | $10,000.00 $30,000.00 |

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

5

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15. Prior address of debtor**

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                    NAME USED                    DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME                NAME AND ADDRESS            DATE OF        ENVIRONMENTAL
AND ADDRESS              OF GOVERNMENTAL UNIT        NOTICE         LAW

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME                NAME AND ADDRESS            DATE OF        ENVIRONMENTAL
AND ADDRESS              OF GOVERNMENTAL UNIT        NOTICE         LAW

None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with

☒   respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a
party to the proceeding, and the docket number.

NAME AND ADDRESS                                        STATUS OR
OF GOVERNMENTAL UNIT              DOCKET NUMBER          DISPOSITION

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing
executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or
other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in
which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding
the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses,
and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of
the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Debtor: | | | | |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as
defined in 11 U.S.C. § 101.

NAME                              ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual
debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an
officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a
partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity,
either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in
business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been
in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this
bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

Debtor:
CHUNG CHANG
35 GREAT JONES STREET, 7th Floor
NEW YORK, New York 10010

None
☐  b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

Debtor:
AMBROSINO & ASSOCIATES  150 W 25th STREET, RM 1002   2012-13
NEW YORK, New York 10001

None
☒  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

Debtor:

None
☒  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

Debtor:

---

**20. Inventories**

None
☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

Debtor:
N/A

None
☒  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

Debtor:
N/A

---

**21. Current Partners, Officers, Directors and Shareholders**

None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the

☒      partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|
| N/A | | |

None
☐      b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| ANTHONY KING<br>C/O 35 GREAT JONES STREET, 7TH FLOOR<br>NEW YORK , NEW YORK 10012 | CEO | A SHARE<br>23.3 |
| JAN COHEN<br>C/O 35 GREAT JONES STREET, 7TH FLOOR<br>NEW YORK, NEW YORK 10012 | COO | A SHARE<br>23.3 |
| PHILLIP VASILEVSKI<br>131 GREENE STREET, #3A<br>NEW YORK, NEW YORK 10012 | FORMER CTO | A SHARE<br>23.3 |
| SCHOTTENFIELD GROUP LLC<br>C/O RICHARD SCHOTTENFELD,<br>800 THIRD AVENUE, #10<br>NEW YORK, NEW YORK 10022 | | B SHARE<br>15 |
| LR PARIS NEW YORK LLC<br>1410 BROADWAY, 34TH FLOOR<br>NEW YORK, NEW YORK 10018 | | B SHARE<br>15 |

---

**22. Former partners, officers, directors and shareholders**

None
☒      a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|
| N/A | | |

None
☐      b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| PHILLIP VASILEVSKI<br>131 GREENE STREET, #3A<br>NEW YORK, NEW YORK 10012 | FORMER CTO | MAY 2013 |

---

**23 . Withdrawals from a partnership or distributions by a corporation**

10

None
☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| ANTHONY KING<br><br>Relationship to Debtor: CEO | LAST WITHDRAWAL - DECEMBER 2013 DISTRIBUTION IN LIEU OF SALARY | Amount of Money: $60,000.00 |
| JAN COHEN<br><br>Relationship to Debtor: COO | LAST WITHDRAWAL - DECEMBER 2013 DISTRIBUTION IN LIUE OF SALARY | Amount of Money: $60,000.00 |
| PHILLIP VASILEVSKI<br><br>Relationship to Debtor: FORMER CTO | LAST WITHDRAWAL - MAY 2013 DISTRIBUTION IN LIUE OF SALARY | Amount of Money: $25,000.00 |

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER-IDENTIFICATION NUMBER (EIN)

N/A

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date ___5/16/14___          Signature _~~S. P-Col~~_

Print Name and Title     JAN COHEN, COO

0 continuation sheets attached

11

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 203
(12/94)

# United States Bankruptcy Court

### SOUTHERN DISTRICT OF NEW YORK

In re

**SELLECT COMMERCE, LLC**

Case No. _____

**Debtor**

Chapter **11**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 40,000.00_____

    Prior to the filing of this statement I have received  . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 40,000.00_____

    Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00_____

2.  The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

    ☒ Debtor          ☐ Other (specify)

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

e.  [Other provisions as needed]

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

| | |
|---|---|
| 5/16/14 | |
| Date | FRED RINGEL |
| | *Signature of Attorney* |
| | **See Attachment 1** |
| | *Name of law firm* |

# Attachment

**Attachment 1**

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In Re:

      SELLECT COMMERCE, LLC,
             Debtor

                        Case No.

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007, Fed. R. Bank. P. for filing in this Chapter 11 case.

| Security Holder's Registered Name and Last Known Address or Place of Business | Class of Security | Number of Securities or Percentage | Kind of Interest |
|---|---|---|---|
| ANTHONY KING<br>C/O 35 GREAT JONES STREET, 7TH FLOOR<br>NEW YORK, NEW YORK 10012 | | 23.33% | A SHARE |
| JAN COHEN<br>C/O 35 GREAT JONES STREET, 7TH FLOOR<br>NEW YORK, NEW YORK 10012 | | 23.33% | A SHARE |
| PHILLIP VASILEVSKI<br>131 GREENE STREET, #3A<br>NEW YORK, NEW YORK 10012 | | 23.33% | A SHARE |
| SCHOTTENFELD GROUP LLC<br>C/O RICHARD SCHOTTENFELD, 800 THIRD AVENUE, 310<br>NEW YORK, NEW YORK 10022 | | 15% | B SHARE |
| LR PARIS NEW YORK LLC<br>1410 BROADWAY, 34TH FLOOR<br>NEW YORK, NEW YORK 10018 | | 15% | B SHARE |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION
## OR PARTNERSHIP

I, <u>JAN COHEN</u> of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing **List of Equity Security Holders** and that it is true and correct to the best of my information and belief.

Date: _____5/16/14_____                    Signature: _____
                                                 Printed Name:   JAN COHEN
                                                         Title:

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.**

# United States Bankruptcy Court
## Southern District of New York

In re  **SELLECT COMMERCE, LLC**                    Case No.


Debtor.                                Chapter   **11**

## STATEMENT OF CORPORATE OWNERSHIP

Comes now _**SELLECT COMMERCE, LLC**_ (the "Debtor") and pursuant to Fed. R. Bankr. P. 1007(a) and 7007.1 state as follows:


__X__  All corporations that directly or indirectly own 10% or more of any class of the corporation's equity interests are listed below:

**SCHOTTENFELD GROUP LLC and LR PARIS NEW YORK LLC**


OR,

____ There are no entities to report.


By: _____

**FRED RINGEL**
Signature of Attorney

Counsel for
Bar no.:
Address.: **875 THIRD AVENUE, 9TH FLOOR**
            **NEW YORK, New York 10022**

Telephone No.: **(212) 603-6300**
Fax No.:
E-mail address:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:      **SELLECT COMMERCE, LLC**

Case No. _____

Chapter **11** _____

<u>Debtors</u>

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated: ___5/16/14___

Signed: _____

Dated: _____

Signed: _____

Signed: _____

**FRED RINGEL**
Attorney for Debtor(s)
Bar no.:

**875 THIRD AVENUE, 9TH FLOOR
NEW YORK, New York 10022**

Telephone No.: **(212) 603-6300**
Fax No.:
E-mail address:

SELLECT COMMERCE, LLC
35 Great Jones Street
New York, NY 10012


FRED RINGEL
875 THIRD AVENUE, 9TH FLOOR
NEW YORK, NY 10022


3.1 PHILIP LIM RETAIL, LLC
304 HUDSON STREET, 8th FLOOR
NEW YORK, NY 10013


ANTHONY KING
C/O 35 GREAT JONES STREET, 7TH FLOOR
NEW YORK, NY 10012


BECKHAM VENTURE LIMITED
33 RANSOMES DOCK
3537 PARKGATE ROAD
LONDON, SW11 4NP UNITED KINGDOM


Botkier, Inc.
525 BROADWAY
NEW YORK, NY 10012


BRYONESQUE
177 LUDLOW STREET, #5C
NEW YORK, NY 10002


Cyrus Innovation LLC
200 VARICK STREET
NEW YORK, NY 10014


FLATIRON SCHOOL
11 BROADWAY, #260
NEW YORK, NY 10004

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19114


JAN COHEN
C/O 35 GREAT JONES STREET, 7TH FLOOR
NEW YORK, NY 10012


KELLEY, DRYE  & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178


King & Partners LLC
35 GREAT JONES STREET, 6TH FLOOR
NEW YORK, NY 10012


LR PARIS NEW YORK LLC
1410 BROADWAY, 34TH FLOOR
NEW YORK, NY 10018


Mary Katranzou
STUDIO 190a NEW NORTH ROAD
UNIT 6B
CANONBURY BUSINESS CENTRE
LONDON, N1 7BJ UNITED KINGDOM

Monique L'huillier
1201 S. GRANT AVENUE
3rd Floor
LOS ANGELES, CA 90015


NEW YORK STATE DEPARTMENT OF FINANC
BANKRUPTCY/SPECIAL PROCEDURES SECT, P.O.
ALBANY, NY 12205-0300


NYC DEPARTMENT OF FINANCE
ATTN: LEGAL AFFAIRS - DEVORA COHN, 345 A
BROOKLYN, NY 11201

PHILLIP VASILEVSKI
131 GREENE STREET, #3A
NEW YORK, NY 10012


SCHOTTENFELD GROUP LLC
800 THIRD AVENUE. 310
NEW YORK, NY 10022


SCHOTTENFELD GROUP LLC
C/O RICHARD SCHOTTENFELD, 800 THIRD AVEN
NEW YORK, NY 10022


SUHKCHANDER KHANNA
160-12 43 AVENUE
FLUSHING, NY 11358


THAKOON
270 LAFAYETTE STREET
SUITE 1010
NEW YORK, NY 10012